## Lowery, *et al. v.* Williams.

### *Assumpsit.*

(Decided May 20, 1915. Rehearing denied June 30, 1915.
69 South. 586.)

*Trial; Directing Verdict.*—Where the evidence is conflicting as to the issues as made, the affirmative charge is properly refused when requested by either party.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Assumpsit by J. O. Williams against A. A. Lowery and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Transferred from Court of Appeals under act creating said court.

FINCH & PENNINGTON, for appellant.

W. L. ACUFF, for appellee.

MAYFIELD, J.—Appellee sued appellants on a promissory note. The defendant Harris pleaded, among other things not necessary to mention, discharge in bankruptcy. The plea was as follows. "For further special plea the defendant says that he was adjudged a bankrupt on, to wit, October 1, 1912; that the claim here sued on existed at that time; that on, to wit, the 18th day of June, 1913, he was discharged from all such debts and claims made provable by the existing act of bankruptcy against his estate; that the plaintiff's debt, the one sued on herein, was a provable debt against his estate under said act."

To this plea the plaintiff filed the following special replications: "Plaintiff's debt was not scheduled as required by law, and plaintiff had no notice of the proceedings in bankruptcy or knowledge of said proceedings."

"Plaintiff had no notice or knowledge of the proceedings in bankruptcy by which the defendant obtained the discharge set up in said plea, and plaintiff's debt was not duly scheduled in said proceedings."

"Plaintiff had no notice or knowledge of the proceedings in bankruptcy by which the defendant E. N. Harris obtained the discharge set up in said plea, and plaintiff's debt was not duly scheduled in said proceedings in time for plaintiff to prove his said debt in said proceedings in bankruptcy."

The case was tried on these issues. No assignment of error appears, nor insistence in argument is made, as to rulings on the pleadings. We do not desire to commit ourselves to the sufficiency of the pleas or of the replications, as that question is not raised.

It is first insisted that the trial court erred in denying appellants' motion for a continuance. It does not

appear that there was any abuse of the discretion of the trial court in overruling this motion. Under the issues made, the evidence was in such conflict that the trial court properly declined to give the affirmative charge for the defendant.

These are the only errors insisted upon or assigned, and we feel sure that there was no reversible error in these respects.

Affirmed.

ANDERSON, C. J., SAYRE and SOMERVILLE, JJ., concur.